**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-01032-NYW

CHRISTOPHER MCGRAW,

    Plaintiff,

v.

COBRA TRUCKING INCORPORATED, and
MICHAEL THIBODEAU,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Magistrate Judge Nina Y. Wang

This matter comes before the court on Plaintiff's Motion to Strike Defendants' Designation of Non-Party at Fault (or "Motion") filed by Christopher McGraw ("Plaintiff" or "Mr. McGraw"). [#24, filed June 19, 2020]. Pursuant to the Order of Reference dated June 3, 2020 [#22], this civil action was assigned to the undersigned Magistrate Judge for all purposes. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; D.C.COLO.LCivR 72.2. Defendants Cobra Trucking Incorporated ("Cobra") and Michael Thibodeau ("Mr. Thibodeau" and collectively, "Defendants") have responded [#28] and Plaintiff has replied [#29]. This court finds that oral argument will not materially assist in the disposition of the instant Motion. Being fully advised of the premises, this court respectfully **DENIES without prejudice** Plaintiff's Motion to Strike Defendants' Designation of Non-Party at Fault.

## BACKGROUND

On March 11, 2020, Mr. McGraw initiated this action in Boulder County District Court against Defendants. *See* [#6]. He asserts claims for negligence and negligence per se against Mr.

Thibodeau and a claim for vicarious liability against Cobra stemming from a multi-vehicle collision on July 13, 2017 in which Mr. McGraw was seriously injured. [*Id.* at ¶¶ 27–42]. Mr. McGraw claims that, in the course and scope of his employment with Cobra, Mr. Thibodeau caused Mr. McGraw's injuries when Mr. Thibodeau operated a semi-tractor negligently and in violation of Colorado law. *See generally* [*id.*].

On April 10, 2020, Defendants removed this action to the United States District Court for the District of Colorado. [#1]. One week later, Cobra filed its Answer to the Complaint. [#15, filed April 17, 2020]. Pursuant to Local Rule 6.1(a), the Parties stipulated to an extension of time for Mr. Thibodeau to answer or otherwise respond to the Complaint, *see* [#18], and Mr. Thibodeau subsequently timely filed his Answer on May 29, 2020 [#20]. *See also* D.C.COLO.LCivR 6.1(a). In both Answers, Defendants seek to designate Phillip Wickwire ("Mr. Wickwire") as a nonparty at fault pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b). [#15 at ¶ 7; #20 at ¶ 7]. Three weeks after Mr. Thibodeau filed his Answer, Plaintiff filed the instant Motion, seeking to strike Defendants' designation of Mr. Wickwire as a nonparty at fault as improper and because Defendants have allegedly failed to meet the statutory requirements for a prima facie showing under Colo. Rev. Stat. § 13-21-111.5(3)(b). [#24].

## LEGAL STANDARD

Section 13-21-111.5(3)(b), C.R.S., governs the designation of nonparties at fault in Colorado state law actions, even where such actions are heard in federal court. *King v. McKillop*, 112 F. Supp. 2d 1214, 1217–18 (D. Colo. 2000). In civil actions for liability, a defendant may designate a nonparty "wholly or partially at fault" for the alleged negligence by giving notice under Colo. Rev. Stat. § 13-21-111.5(3)(b). This provision "ensures that a party that is found liable will

not be responsible for more than its fair share of the damages." *Stone v. Satriana*, 41 P.3d 705, 708-09 (Colo. 2002). In relevant part, Colo. Rev. Stat. § 13-21-111.5(3)(b) provides that

> Negligence or fault of a nonparty may be considered . . . if the defending party gives notice . . . within ninety days following commencement of the action unless the court determines that a longer period is necessary. The notice shall be given by filing a pleading in the action designating such nonparty and setting forth such nonparty's name and last-known address, . . . together with a brief statement of the basis for believing such nonparty to be at fault. . . .

Colo. Rev. Stat. § 13-21-111.5(3)(b). Courts in Colorado have held that, in order to satisfy these statutory requirements, a defendant seeking to designate a nonparty at fault must submit: (1) the nonparty's name, (2) the nonparty's last known address, and (3) a brief statement of the basis for the nonparty's fault. *See Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 80 (Colo. 2001).

Courts construe nonparty designation requirements strictly to avoid a defendant attributing liability to a nonparty from whom the plaintiff cannot recover. *Id.* at 80. A nonparty designation should be stricken as insufficient as a matter of law if the designating party fails to allege a prima facie case of negligence under a legally cognizable theory. *See id.* at 80–81 (finding denial of nonparty-at-fault designation proper because the defendant failed to allege duty and breach elements of prima facie case for professional negligence); *Stone,* 41 P.3d at 709 (finding designation of nonparty at fault improper because the defendants failed to allege a cognizable legal malpractice claim). The person or entity designated under the statute must owe, or have owed, a duty recognized by law to the injured plaintiff. *See Great N. Ins. Co. v. Great Indoors*, No. 06–cv–01359–LTB–PAC, 2007 WL 184683, at *2 (D. Colo. Jan. 22, 2007) (citing *Miller v. Byrne*, 916 P.2d 566, 578 (Colo. App. 1995)).

However, while a submitted designation must "go beyond bald allegation," a defendant "need not *prove* negligence" in the submission. *Redden*, 38 P.3d at 81 (citing *Sandoval v. Archdiocese of Denver*, 8 P.3d 598, 606 (Colo. App. 2000) (noting designating party had no need

3

to produce evidence of the claim, only sufficient support for its belief of nonparty negligence)) (emphasis added).  A proper nonparty designation of fault simply connects alleged facts with the established elements of negligence. *Id.*  Because "a designation of non-parties must give a plaintiff sufficient notice of the non-parties' conduct so that plaintiff can prepare to address it," such designation must at minimum "set forth facts sufficient to permit a plaintiff to identify the transaction or occurrence which purportedly leads to the non-party's fault." *Resolution Trust Corp. v. Deloitte & Touche,* 818 F. Supp. 1406, 1409 (D. Colo. 1993) (quoting *F.D.I.C. v. Isham,* 782 F. Supp. 524, 530 (D. Colo. 1992)).

## ANALYSIS

Plaintiff argues that Defendants cannot designate Mr. Wickwire as a nonparty at fault because the designation "contradicts every piece of evidence that Defendants themselves produced as part of their initial disclosures," "stands alone without any concrete verification," and Defendants' "basis for believing Mr. Wickwire to be at fault [is] not supported in any document or statement." [#24 at 5].   Defendants counter that the instant Motion is premature and improper because Plaintiff asks the court to decide pre-discovery questions of fact.  [#28 at 1].

The challenged designation of Mr. Wickwire as a nonparty at fault set forth in Defendants' respective Answers states that

> Defendant designates Phillip Wickwire as a non-party at fault pursuant to C.R.S. § 13-21-111.5(3)(b). His last known contact information is 341 Village Road, El Dorado, KS, 316-322-5681. Mr. Wickwire is at fault for the accident that forms the subject of Plaintiff's Complaint. Based on information and belief, Mr. Wickwire suddenly stopped in the far-left lane (the fast lane) on northbound I-25 in front of Plaintiff's vehicle, causing the chain-reaction accident. Multiple vehicles traveling on northbound I-25, including Plaintiff, were forced to slam on their brakes and swerve to avoid Mr. Wickwire's vehicle. In addition, based on information and belief, Plaintiff's vehicle may have collided with Mr. Wickwire's vehicle, contributing to Plaintiff's alleged injuries. Mr. Wickwire did not stop because of traffic congestion. Mr. Wickwire had a duty of reasonable care in operating his vehicle on the highway and he breached the duty, causing or contributing to the

4

accident.

[#15 at 7–8; #20 at 7–8].  I turn first to consider the nature of Defendants' burden at the pleadings stage of this action.  Second, I consider whether Defendants' satisfy their burden, in light of the statutory requirements, by providing factual allegations sufficient to support a prima facie negligence claim against their designee.

***Requisite Showing for Designation at This Stage of the Proceedings.***  Plaintiff suggests that Defendants bear the burden—at this early stage in the pleadings—to support their basis for designating Mr. Wickwire as a nonparty at fault with "concrete verification" such as "document[s] or statement[s]." [#24 at 5–6].  But this not the standard.  Indeed, "Defendant[s] need not produce evidence of the claim or prove negligence; to designate a nonparty, Defendant[s] need[] to provide only sufficient support for [their] belief of nonparty negligence." *Larrieu v. Best Buy Stores, L.P.*, No. 10–CV–01883–CMA–BNB, 2013 WL 4838912, at *2 (D. Colo. Sept. 9, 2013) (citing *Redden*, 38 P.3d at 81).[1]  Accordingly, in deciding the instant Motion, this court considers only the adequacy of the factual allegations set forth in the pleadings to determine whether Defendants' designation supports each element of a prima facie case of negligence against Mr. Wickwire.[2] [#6; #15; #20].

---

[1] The court notes that Plaintiff repeatedly relies in part on *Anstine v. Alexander*, 128 P.3d 249, 258 (Colo. App. 2005), *rev'd on other grounds*, 152 P.3d 497 (Colo. 2007). [#24 at 5 ("[A] nonparty designation will be struck unless evidence demonstrating a *prima facie* case is set forth [sic]") (quoting *Anstine*, 128 P.2d at 258); #29 at 2 (same)].  As Defendants point out, however, *Anstine* considered a defendant's failure to present evidence at trial to support its nonparty designation— and that is simply not the situation presently before the court.

[2] Although Plaintiff attaches to his Motion three exhibits, *see* [#24-1; #24-2; #24-3], and cites thereto for evidentiary support [#24 at 6], both Colorado courts and courts of this District recognize the designation of a nonparty at fault as a pleading. *See, e.g.*, *Moore v. Banta*, No. 14–cv–00143– REB–MJW, 2014 WL 7928838, at *1 (D. Colo. Dec. 9, 2014); *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 84 (Colo. 2001).  Moreover, neither Party meaningfully briefed the appropriate scope of this court's review of such exhibits in deciding the instant Motion.  In addition, briefing here concluded more than six months prior to the close of discovery and Plaintiff has not

Plaintiff also argues that Defendants' designation should be stricken because, notwithstanding the facts set forth therein, he lacks the requisite good faith factual basis to add Mr. Wickwire to this action without violating Federal Rule of Civil Procedure 11. [#24 at 5]. But this is also not the standard applicable to the instant Motion, nor is it the standard Defendants must meet in designating a nonparty at fault. Plaintiff cites to no authority to suggest the contrary. *Cf. Moore v. Banta*, No. 14–cv–00143–REB–MJW, 2014 WL 7928838, at *1 (D. Colo. Dec. 9, 2014) (noting that parties may not supplant their own Rule 11 obligations on opposing parties and finding that question whether the plaintiff was justified in relying on defendant's designation to file amended complaint had "no bearing on whether the designation establishe[d] the elements of the claimed legal culpability as required under *Redden*"). To the extent Plaintiff contends that record *evidence* precludes him from also asserting a claim against Mr. Wickwire, this challenge to Defendants' designation is more properly raised pursuant to Rule 56. *See Great Indoors*, 2007 WL 184683, at *4 ("If the evidence establishes at the close of discovery that no . . . duty exists, or that there is otherwise no evidentiary basis upon which to attribute fault to [the non-party] under Colorado's apportionment statute, plaintiff may file a motion to strike Defendant[s'] [designation] under Fed. R. Civ. P. 56."); *United States Welding, Inc. v. Tecsys, Inc.*, No. 14–cv–00778–REB–MEH, 2015 WL 300419, at *4 (D. Colo. Jan. 22, 2014) ("[N]othing in this order prohibits [the plaintiff] from challenging [the nonparty's] liability through a dispositive motion later in the litigation.").

Accordingly, and with the procedural posture and temporal context of the instant Motion in mind, I turn now to consider whether Defendants' designation goes "beyond bald allegation[s]"

---

challenged Defendants' designation pursuant to Federal Rule of Civil Procedure 56. Accordingly, given the procedural posture of the Motion, I decline to consider Plaintiff's proffered evidence at this juncture.

of the elements necessary to support a prima facie case of negligence against Mr. Wickwire. *Redden*, 38 P.3d at 81.

***The Factual Allegations Support a Prima Facie Negligence Claim.*** "In order to establish a *prima facie* case for negligence, a plaintiff must show a legal duty of care on the defendant's part, breach of that duty, injury to the plaintiff, and causation, *i.e.,* that the defendant's breach caused the plaintiff's injury." *Health ONE v. Rodriquez ex rel. Rodriquez,* 50 P.3d 879, 888 (Colo. 2002). Plaintiff argues that Defendants' designation should be stricken for its failure to identify a specific duty breached by Mr. Wickwire or provide a sufficient basis for Defendants' allegation that Mr. Wickwire's "sudden stopping" establishes negligent behavior. [#29 at 3]. In other words, Plaintiff contends that Defendants' designation fails to adequately plead the duty and breach elements of their prima facie case.

Relevant here, the Colorado Supreme Court has held that "a driver is under a duty to drive with reasonable care." *Hesse v. McClintic*, 176 P.3d 759, 762 (Colo. 2008). Where a negligence claim is premised on the theory that a driver in front stopped suddenly, Colorado law also requires evidence that the stop was unwarranted. *Huntoon v. TCI Cablevision of Colo., Inc.*, 969 P.2d 681, 687 (Colo. 1998). "A sudden stop may be unwarranted if the evidence suggests it is made without reason, or in an unexpected and uncalled-for location." *Id.* at 687.

In their Response, Defendants argue that their designation is sufficient and a "reasonable jury could certainly find it is a breach of the [common law] duty of reasonable care to stop on the highway in the fast-lane when there is no traffic ahead." [#28 at ¶ 5]. This court respectfully agrees with Defendants and finds that Defendants have adequately pled the duty and breach elements of their prima facie case. Specifically, Defendants allege that Mr. Wickwire had a duty of reasonable care in operating his vehicle on the highway and breached that duty when he abruptly stopped in

7

the far-left ("fast") lane of the highway—for some reason other than traffic congestion. [#20 at ¶ 7]. Particularly in the absence of traffic congestion, as alleged here, a factfinder could reasonably find the fast lane of a highway an unexpected location for a driver to abruptly stop his vehicle. Moreover, Defendants further allege that Mr. Wickwire caused the chain-reaction motor-vehicle accident that led to Plaintiff's injuries when he abruptly stopped in front of Plaintiff's vehicle. [*Id.*]. Defendants' designation thus sets forth allegations that, if true, support each element of a prima facie case of negligence. *Cf. Longwolf v. Post*, No. 14–cv–01613–KMT, 2014 WL 5293448, at *2 (D. Colo. Oct. 16, 2014) (finding designation stating belief that evidence at trial would show that the nonparty "driver of the vehicle in which the Plaintiff was a passenger[] was negligent and a cause of the accident that is the subject of this lawsuit" failed to establish prima facie case of negligence as required by statute). And again, Defendants did not—and were not required to— provide evidence of Mr. Wickwire's negligence upon designating him as a nonparty at fault. *See Redden*, 38 P.3d at 81. While Defendants ultimately bear the evidentiary burden to prove Mr. Wickwire's comparative negligence at trial, *see Anstine*, 128 P.3d at 258, the court "cannot conclude, at this early stage of the proceedings, that the existence of a duty . . . on the part of [the nonparty] is foreclosed," *see Great Indoors*, 2007 WL 184683, at *4 (footnote omitted).

Finally, this court is unpersuaded that Plaintiff is unable to discern the basis for Mr. Wickwire's liability. Defendants' designation clearly sets forth allegations sufficient to support a prima facie case of negligence under Colorado law. Indeed, when considering designations challenged at an early stage of the proceedings (as opposed to on summary judgment or at trial), courts in this district have required no more. *See, e.g.*, *United States Welding*, 2015 WL 300419, at *4 (distinguishing the case before it from a situation "where [a plaintiff] has been blind-sided late in the litigation about the alleged fault of an unknown non-party," declining to strike the

8

challenged nonparty designation, and noting that "nothing in this order prohibits [the plaintiff] from challenging [the nonparty's] liability through a dispositive motion later in the litigation"); *Fourhorn v. City & Cty. of Denver,* No. 08–cv–01693–MSK–KLM, 2008 WL 5423349, at *3 (D. Colo. Dec. 30, 2008) ("Courts from our district have recognized that a designation may be proper if it minimally sets forth 'facts sufficient to permit a plaintiff to identify the transaction or occurrence which purportedly leads to the non-party's fault.'" (citing *Jenkins v. FMC Tech., Inc.,* 07–cv–02110–LTB–KMT, 2008 WL 4059861, at *1 (D. Colo. Aug. 29, 2008) (quoting *Resolution Trust,* 818 F. Supp. at 1408–09)); *Baca v. Clark,* No. 06–cv–00714–EWN–PAC, 2007 WL 1964079, at *4 (D. Colo. July 2, 2007) (recognizing that a notice which complies with the spirit of Colo. Rev. Stat. § 13–21–111.5(3) is sufficient to minimize any prejudice that the designation may cause to plaintiff).

Because I conclude that the factual allegations set forth in Defendants' designation are sufficient to (a) support a prima facie case of negligence against Mr. Wickwire, and (b) permit Plaintiff to identify the occurrence underlying Mr. Wickwire's alleged negligence, I find that Defendants have thus satisfied the requirements of Colo. Rev. Stat. § 13-21-111.5(3)(b). Accordingly, Plaintiff's Motion to Strike is **DENIED without prejudice**. "If the evidence establishes at the close of discovery that no . . . duty exists, or that there is otherwise no evidentiary basis upon which to attribute fault to [Mr. Wickwire] under Colorado's apportionment statute, plaintiff may file a motion to strike Defendant's [designation] under Fed. R. Civ. P. 56." *See Great Indoors*, 2007 WL 184683, at *4 (footnote omitted).

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that Plaintiff's Motion to Strike Defendants' Designation of Non-Party at Fault [#24] is **DENIED without prejudice**.

DATED:  December 8, 2020            BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

10